United States District Court
Southern District of Texas
**ENTERED**
August 15, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD D MORGAN JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-196 |
| | § | |
| F. ALEMENDIZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This civil rights action was filed by Plaintiff Arnold D. Morgan, Jr., a Texas state prisoner, pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claims be dismissed with prejudice for failure to state a claim for relief and/or as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.    JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Estelle Unit in Huntsville, Texas.[1]  On December 12, 1994, Plaintiff was convicted of aggravated sexual assault of a child in Smith County, Texas and sentenced to fifty years in prison.

Plaintiff's allegations arise in connection with his stay at the McConnell Unit in Beeville, Texas.  On June 7, 2017, he filed his Original Complaint in which he named F. Alemendiz, a TDCJ Security Officer, as the sole defendant.  (D.E. 1).  On July 14, 2017, the undersigned conducted a telephone conference with Plaintiff in order to assist Plaintiff in completing and submitting his prisoner trust find account statement to the Court.  At the hearing, the undersigned granted Plaintiff an opportunity to amend his complaint by naming all the defendants he intends to sue and the facts supporting his claims against the named defendants.

---

[1] The Clerk of Court is DIRECTED to update the docket report to reflect that Plaintiff is currently confined at the Estelle Unit.

On July 26, 2017, Plaintiff filed his amended complaint, naming F. Alemendiz and C. Moore as defendants.[2]  Plaintiff does not indicate whether he sues these defendants in their individual or official capacities.  Plaintiff alleges that Defendant Alemendiz has not mailed Plaintiff's legal or regular mail through the indigent program and has charged Plaintiff for indigent supplies.  Plaintiff further alleges that Defendant Moore directed her staff to charge Plaintiff for indigent supplies he never received.  Plaintiff seeks money damages and injunctive relief in the form of having his mail sent out.

## III.   LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

---

[2] The Clerk of Court is DIRECTED to add C. Moore as a party defendant.

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV.   DISCUSSION.

### A.   Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Defendants Alemendiz and Moore in their official capacities for money damages, those claims are barred by the Eleventh Amendment.

Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice.

**B.     Claims for Injunctive Relief**

Plaintiff seeks injunctive relief in addition to monetary damages.   Plaintiff's transfer from the McConnell Unit to the Estelle Unit, however, renders moot any request for injunctive relief against Defendants.  *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility).   Accordingly, it is respectfully respected that Plaintiff's claims for injunctive relief against Defendants be dismissed with prejudice.

**C.    Access to Courts**

Liberally construed, Plaintiff claims that that Defendants Alemendiz and Moore have denied him access to the courts by not mailing his legal or regular mail and also charging him for indigent supplies he never received.

Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356.  *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First

Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

While generally complaining that Defendant Alemendiz failed to mail his legal or regular mail, Plaintiff has alleged no specific facts to suggest he was prejudiced in any pending nonfrivolous litigation while housed at the McConnell Unit. He further fails to allege any prejudice in any legal proceeding due to being charged by Defendants for indigent supplies he never received. Plaintiff's ability to pursue this action belies any claim that he was denied meaningful access to the courts based on Defendants' conduct. Because he cannot state a First Amendment violation for denial of access to the courts, it

is respectfully recommended that Plaintiff's claims against Defendants Alemendiz and Moore be dismissed with prejudice.

## V.   CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's action against Defendants Alemendiz and Moore be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov."

Respectfully submitted this 15th day of August, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).